[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANT'S MOTION TO STRIKE COMPLAINT
By complaint dated September 16, 1992, the plaintiff Sean Bonetti, brought suit against the defendants, The Continental Corporation d/b/a Bourbon Street Cafe and Craig P. Mancuso, permittee, alleging inter alia, that on June 28, 1991, the defendant served alcoholic beverages to the plaintiff while he was in an "obviously intoxicated state." The complaint further alleges that such sale of alcohol to plaintiff by the defendant "constituted gross negligence and reckless and wanton misconduct" on the part of defendants and was the cause of the subsequent accident and injuries suffered by the plaintiff.
Defendants move to strike the complaint in its entirety because plaintiff fails to state a cause of action under which relief may be granted in that (i) an action alleging gross negligence is not permitted in Connecticut; (ii) an action for wanton and reckless misconduct is not available to this plaintiff who seeks damages for injuries sustained to himself after being served alcohol by defendants; and (iii) in the alternative, that if plaintiff is permitted to bring this cause of action for injuries sustained to himself, then the facts as alleged in the complaint are legally insufficient to support a claim of wanton and reckless misconduct.
In Boehm v. Kish, 201 Conn. 385, 389-90, the Supreme CT Page 5213 Court stated citing Kowal v. Hofher, 181 Conn. 1 (1980):
 We have held in a number of cases that there is no common-law action in negligence against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. . . . The reason underlying the rule is that the proximate cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee. . . . We held in Kowal, however, that the policy considerations that justify protecting a vendor . . . from common law liability for the injurious consequences of negligent conduct in the sale or serving of alcoholic beverages do not apply with respect to wanton and reckless misconduct. (Internal citations omitted.)
Arguably under Kowal, the plaintiff may bring a cause of action against the defendant vendor of alcoholic beverages if the plaintiff sufficiently alleges that the defendant behaved in a wanton and reckless manner in the service of the alcohol to the plaintiff and the plaintiff thereafter injured himself. Defendants' claim that the plaintiff has failed to set forth facts sufficient to establish that the defendants' conduct was reckless and wanton.
Judge Hennessey, M. has asserted in a recent case:
 There is a wide difference between negligence and reckless and wanton misconduct. Recklessness is a state of consciousness with reference to consequences of one's acts. It requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of the facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater than that which is necessary to make his conduct negligent. It is CT Page 5214 more that negligence, more than gross negligence. (Citations omitted.)
Morin v. Keddy, ___ CSCR ___, (October 25, 1993, Hennessey, J.), citing Sheiman v. Lafayette Bank TrustCo., 4 Conn. App. 39, 45 (1985).
In Dubay v. Irish, 207 Conn. 518, our Supreme Court stated:
 Willful, wanton, or reckless conduct has been defined as that which tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, a situation where a high degree of danger is apparent.
"The mere use of the words `reckless' and `wanton' [by the plaintiffs will be] insufficient to raise an actionable claim of reckless and wanton misconduct."Sheiman v. Lafayette Bank Trust Co., supra, 46. "A claim for wanton and reckless conduct, which is unsupported by sufficient alleged facts to support it, is a mere conclusion of law and is subject to a motion to strike." Muckle v. Francis, 7 CTLR 230, 231 (September 14, 1992, Leuba, J.). To survive a motion to strike, the plaintiff "must plead actual facts which indicates the defendant[s] knowingly served an intoxicated person, not just conclusions." Id.
Plaintiff alleges that the conduct of the defendants was wanton and reckless in that defendants repeatedly and continuously served alcoholic beverages to the plaintiff when he was obviously intoxicated, and that defendants repeatedly and continuously served alcoholic beverages to the plaintiff when they knew or should have known that plaintiff would be driving when he left the defendant's establishment.
Plaintiff's claims of reckless and wanton conduct are unsupported by sufficient alleged facts and are mere conclusions of law. Plaintiff has cited no authority which enables this court to rely on findings made by Judge Walsh in his decision granting a pre-judgment remedy in this case to cure the insufficiency in the CT Page 5215 complaint.
Motion to strike granted.
Wagner, J.